WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

COPART, INC.,

    Respondent.

Civil Action No. C 06-6144 SI

**COMPLAINT**

Civil Rights - Employment Discrimination

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to a former employee of Defendant Copart, Inc. who was aggrieved by Defendant's unlawful practices. Plaintiff alleges that Defendant Copart, Inc. terminated the employment of one of its employees in retaliation for his having filed a charge of discrimination with Plaintiff Equal Employment Opportunity Commission.

//

//

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (§706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland as the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff Equal Employment Opportunity Commission, and the records related to that investigation are in San Francisco.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Copart, Inc. ("Defendant") has continuously been, and is now, a California corporation, qualified and doing business in the state of California and has continuously had and does now have at least 15 employees.

6. At all relevant times, Defendant has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Sections

701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### Violation of Title VII of Civil Rights Act Based on Retaliation

7. More than thirty days prior to the institution of this lawsuit, Charging Party on EEOC Charge No. 370-2005-00956, on which this complaint is based, filed said charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about January 20, 2005, Defendant has engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3 (a), by subjecting Charging Party to adverse employment actions, including termination of Charging Party's employment, in retaliation for his having made a charge of discrimination,

9. The effect of the practices complained of above in paragraph 8 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his employment status because of his national origin and/or religion.

10. The unlawful employment practices complained of above in paragraph 8 were and are intentional.

11. The unlawful employment practices complained of above in paragraph 8 were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which do not discriminate through retaliation against employees who oppose discrimination and/or make a charge, testify, assist, or participate in and manner in an

1  anti-discrimination investigation, proceeding, or hearing; and which eradicate the effects
2  of its unlawful employment practices.
3      D.     Order Defendant to make whole Charging Party by providing
4  compensation for past and future pecuniary losses resulting from the unlawful
5  employment practices complained of above, including but not limited to medical
6  expenses or other out of pocket expenses in amounts to be determined at trial.
7      E.     Order Defendant to make whole Charging Party by providing
8  compensation for past and future non-pecuniary losses resulting from the unlawful
9  practices complained of above, including but not limited to pain and suffering,
10 emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and
11 humiliation, in amounts to be determined at trial.
12     F.     Order Defendant to pay Charging Party punitive damages for its malicious
13 and reckless conduct complained of above, in amounts to be determined at trial.
14     H.     Grant such further relief as the Court deems necessary and proper in the
15 public interest.
16     I.     Award the Commission its costs of this action.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: 9/28/06

WILLIAM R. TAMAYO
Regional Attorney

Dated: 9/28/06

JONATHAN T. PECK
Supervisory Trial Attorney

Dated: 9/28/06

CINDY O'HARA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105

COMPLAINT

Page 5