1  WILLIAM R. TAMAYO (CA Bar No. 084965)
   JONATHAN T. PECK (VA Bar No. 12303)
2  CINDY O'HARA (CA Bar No. 114555)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105
   Telephone No. (415) 625-5653
5  Facsimile No. (415) 625-5657

6  Attorneys for Plaintiff
   Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>         Plaintiff,<br><br>v.<br><br>**COPART, INC.,**<br><br>         Defendant. | Civil Action No. C-06-06144 SI<br><br>**REQUEST FOR RELIEF FROM ORDER OF DISMISSAL; CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT THEREOF;**<br>[proposed] **ORDER** |

## REQUEST FOR RELIEF FROM ORDER OF DISMISSAL

Plaintiff Equal Employment Opportunity Commission (EEOC) hereby requests relief from the Order of Dismissal which was entered in this case on March 29, 2007. This Request, which is supported by the accompanying certifying declaration of Cindy O'Hara, is made because the settlement which the parties agreed to in their March 16, 2007 settlement mediation which gave rise to the Court's Order of Dismissal, is not yet final, and the consideration for that settlement, a Consent Decree which provides for monetary damages and injunctive relief, has not been executed by the parties or submitted to the Court for approval. This request is being made within the ninety days provided for in the Order of Dismissal.

Plaintiff EEOC requests that the date for requesting relief from the Order of Dismissal be extended one month to July 27, 2007, to allow the parties to finalize their Consent Decree settlement agreement and lodge it with the Court.  In the alternative, Plaintiff EEOC requests that the Order of Dismissal be vacated and the case restored to the Court's calendar.

Dated: June 22, 2007                                          /S/ Cindy O'Hara
                                                                          Attorney for Plaintiff EEOC

**CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT OF REQUEST FOR RELIEF FROM ORDER OF DISMISSAL**

I, Cindy O'Hara, declare:

1.      I am an attorney at law, licensed to practice in the State of California, a senior trial attorney with Plaintiff EEOC, and an attorney of record for Plaintiff EEOC in the above-captioned case.

2.      On March 16, 2007, the parties to this case (Plaintiff EEOC and Defendant Copart, Inc.) participated in mediation under the Northern District of California's Alternative Dispute Resolution (ADR) program, with Mediator Marjorie Gelb.  I was present at that mediation representing Plaintiff EEOC.  At that mediation, the parties agreed that the case would be settled through a Consent Decree.  The parties agreed on a monetary damages figure, various injunctive provisions which would be included in the Decree, the duration of the Decree (three years), and other matters related to settlement of the case.  The parties did not write the exact language of the Consent Decree at that mediation, but did reduce to writing an agreement addressing the basic settlement terms.

3.      On March 28, 2007, the mediator filed a Certification of ADR Session with this Court stating that the mediation had taken place, checking that the case had "fully" settled and that the ADR process was completed.

4.      On March 29, 2007, Defendant Copart, Inc. filed a Notice of Settlement with the Court, stating that "Notice is hereby given that the parties have agreed to settle

this case. A Request for Dismissal will be filed with each party to bear their own fees and costs." (NDCA Docket No. 15).

5. On March 29, 2007, Plaintiff EEOC filed Plaintiff EEOC's Statement of Settlement, stating:

> On March 16, 2007, the parties to this case engaged in mediation pursuant to the Northern District of California's Alternative Dispute Resolution program. At said mediation, the parties agreed to a settlement in principle through a consent decree, the main provisions of which were reduced to a written draft at the conclusion of the mediation. The parties are in the process of finalizing the consent decree document, which will then be lodged with the Court for the Court's approval and entry. There is presently no need for a further case management conference. If the parties cannot reach a final agreement, on the consent decree, one or both parties will request the case be put back on calendar. The case should not be dismissed, to allow the parties to finalize and lodge their consent decree with the Court.

(NDCA Docket No. 16)

6. On March 29, 2007, this Court entered an Order of Dismissal Upon Settlement. This Order of Dismissal provides that the case is "dismissed with prejudice," but further provides:

> However, that if any party hereto certifies to this court, with proof of service of a copy thereon on opposing counsel, within ninety days from the date hereof, that settlement has not in fact occurred, the foregoing order shall be vacated and this cause shall forthwith be restored to the calendar for further proceedings.

(NDCA Docket No. 17)
 Said ninety days will end on June 27, 2007.

7. Although the parties have exchanged drafts of the Consent Decree and related settlement documents, they have not yet finalized these documents such that the Consent Decree can be lodged with the Court prior to June 27, 2007.

8. Plaintiff EEOC therefore hereby requests that the Court either extend for one month (to July 27, 2007) the deadline for the parties to submit certification to the Court that settlement has not occurred or, in the alternative, that the Court vacate the Order of Dismissal Upon Settlement and restore this matter to the Court's calendar.

9. As counsel for Plaintiff EEOC, pursuant to the provisions of the Order of Dismissal Upon Settlement, I hereby certify to the Court, with proof of service of a copy

1 | on opposing counsel, that settlement has not in fact occurred.

2 | I declare under penalty of perjury that the foregoing is true and correct.

3 | Executed this twenty-second day of June, 2007, at San Francisco, California.

5 |         /S/ Cindy O'Hara

8 | **ORDER**

9 | Plaintiff having certified that settlement has not in fact occurred:

10 | IT IS HEREBY ORDERED that either party shall have until July 27, 2007 to certify to the Court, with proof of service on opposing counsel, that settlement has not in fact occurred. Upon proper certification, the Order of Dismissal filed March 29, 2007 shall be vacated and the cause shall forthwith be restored to the Court's calendar.

14 | [or in the alternative]

15 | IT IS HEREBY ORDERED that the Order of Dismissal issued by this Court on March 29, 2007 is hereby vacated and the action is restored to the Court's calendar.

18 | Dated: 6/25/07

19 |         United States District Judge

# CERTIFICATE OF SERVICE

I am a citizen of the United States, employed in the County of San Francisco, and over the age of 18 years. My business address is the office of the Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, California 94105.

On the date below, I electronically filed (which should result in electronic service) and placed in the U.S. mail:

**REQUEST FOR RELIEF FROM ORDER OF DISMISSAL; CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT THEREOF; [proposed] ORDER**

addressed to:

Brian T. McMillan
Todd K. Boyer
LITTLER MENDELSON
50 West San Fernando Street, 14th Floor
San Jose, CA 95113-2303

I certify under penalty of perjury that the above is true and correct.

DATED: June 22, 2007                    /S/ Cindy O'Hara