WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>  Plaintiff,<br><br>v.<br><br>**COPART, INC.,**<br><br>  Defendant. | Civil Action No. C-06-06144 SI<br><br>**SECOND REQUEST FOR RELIEF FROM ORDER OF DISMISSAL; CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT THEREOF;** ~~[proposed]~~ **ORDER** |

## SECOND REQUEST FOR RELIEF FROM ORDER OF DISMISSAL

On June 25, 2007, this Court issued an order extending the time for the parties to request relief from this Court's March 29, 2007 order of dismissal to July 27, 2007. The granting of that order was based on Plaintiff Equal Employment Opportunity Commission's (EEOC) June 22, 2007 Request for Relief from Order of Dismissal, and the accompanying certifying declaration of EEOC attorney Cindy O'Hara, which stated that the parties had reached an agreement through mediation, where a handwritten agreement was signed expressing the principal terms of the settlement, but needed additional time to finalize their Consent Decree and related settlement documents. The EEOC now hereby requests that the extension granted by the Court to July 27, 2007 be extended an additional month, as the parties have not yet been able to finalize their

1  settlement documents, but anticipate that they will be able to do so with the requested
2  one month extension to August 27, 2007.  In the alternative, the EEOC requests that the
3  case be returned to the Court's active calendar.  This Second Request, which is
4  supported by the accompanying certifying declaration of Cindy O'Hara, is made
5  because the settlement which the parties agreed to in their March 16, 2007 settlement
6  mediation which gave rise to the Court's Order of Dismissal, is not yet final, and the
7  consideration for that settlement, a Consent Decree which provides for monetary
8  damages and injunctive relief, has not been executed by the parties or submitted to the
9  Court for approval, and the parties need additional time to finalize their settlement.

Dated: July 26, 2007                                    /S/ Cindy O'Hara
                                                        Attorney for Plaintiff EEOC

**CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT OF SECOND REQUEST FOR RELIEF FROM ORDER OF DISMISSAL**

I, Cindy O'Hara, declare:

1. I am an attorney at law, licensed to practice in the State of California, a senior trial attorney with Plaintiff EEOC, and an attorney of record for Plaintiff EEOC in the above-captioned case.

2. As stated in my prior declaration in support of Plaintiff EEOC's Request for Relief from Order of Dismissal, on March 16, 2007, the parties to this case (Plaintiff EEOC and Defendant Copart, Inc.) participated in mediation under the Northern District of California's Alternative Dispute Resolution (ADR) program, with Mediator Marjorie Gelb, and reached agreement that this case would be settled through a Consent Decree, and agreed, in writing on the major terms of that Consent Decree including monetary relief, injunctive relief, and the term of the decree.

3. On March 29, 2007, this Court entered an Order of Dismissal Upon Settlement, which provided:

> However, that if any party hereto certifies to this court, with proof of service of a copy thereon on opposing counsel, within ninety days from the date hereof, that settlement has not in fact occurred, the foregoing order shall be vacated and this cause shall forthwith be restored to the calendar for further proceedings.

(NDCA Docket No. 17)

Said ninety days would have ended on June 27, 2007, however, in response to Plaintiff EEOC's prior request, the Court extended it one month to July 27, 2007 to allow the parties to finalize the settlement documents.

4.      During the one month extension, from June 27, 2007 to July 27, 2007, the parties have communicated and exchanged drafts of language for the Consent Decree and related settlement documents.  Unfortunately, the parties have been unable to reach final agreement on the language of those documents, and receive approval from the necessary party representatives, before the running of the July 27, 2007 extension.  This difficulty was due in significant part to the fact that my father passed away on July 16, 2007 and I was therefore unexpectedly absent from work to travel to Philadelphia to be with my family and attend the funeral.

5.      I spoke with Brian McMillan, counsel for Copart, today July 26, 2007, and agreed that we will be unable to finalize and lodge our Consent Decree prior to the running of the extension on July 27, 2007.  We both agreed that an additional one month extension should be requested, and agreed that such an extension should provide us with the time necessary to finalize our Consent Decree and related documents, and lodge the Decree with the Court.

6.      Plaintiff EEOC therefore hereby requests that the Court either extend for one month (to August 27, 2007) the deadline for the parties to submit certification to the Court that settlement has not occurred; in the alternative, that the Court vacate the Order of Dismissal Upon Settlement and restore this matter to the Court's calendar.

7.      As counsel for Plaintiff EEOC, pursuant to the provisions of the Order of Dismissal Upon Settlement, I hereby certify to the Court, with proof of service of a copy on opposing counsel, that settlement has not in fact occurred.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this twenty-sixth day of July, 2007, at San Francisco, California.

                                      /S/ Cindy O'Hara

**ORDER**

Plaintiff having certified that settlement has not in fact occurred:

IT IS HEREBY ORDERED that either party shall have until August 27, 2007 to certify to the Court, with proof of service on opposing counsel, that settlement has not in fact occurred. Upon proper certification, the Order of Dismissal filed March 29, 2007 shall be vacated and the cause shall forthwith be restored to the Court's calendar.

~~[or in the alternative]~~

~~IT IS HEREBY ORDERED that the Order of Dismissal issued by this Court on March 29, 2007 is hereby vacated and the action is restored to the Court's calendar.~~

Dated: 7/30/07

_Susan Illston_
United States District Court Judge

# CERTIFICATE OF SERVICE

I am a citizen of the United States, employed in the County of San Francisco, and over the age of 18 years. My business address is the office of the Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, California 94105.

On the date below, I electronically filed (which should result in electronic service) and placed in the U.S. mail:

**SECOND REQUEST FOR RELIEF FROM ORDER OF DISMISSAL; CERTIFYING DECLARATION OF CINDY O'HARA IN SUPPORT THEREOF; [proposed] ORDER**

addressed to:

Brian T. McMillan
Todd K. Boyer
LITTLER MENDELSON
50 West San Fernando Street, 14th Floor
San Jose, CA 95113-2303

I certify under penalty of perjury that the above is true and correct.

DATED: July 26, 2007                                    /S/ Cindy O'Hara