WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5653
Facsimile: (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. C-06-06144 SI |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| **COPART, INC.,** | |
| Respondent. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of retaliation, and to provide appropriate relief to the Charging Party[1] whom the Commission alleged was adversely affected by such practices. The Commission alleged that Defendant Copart, Inc. ("Copart") retaliated against Charging Party in violation of Title VII. Defendant has denied that it retaliated against Charging Party and/or violated Title VII. The Commission and Defendant Copart now seek to resolve this action as to each other and as between Copart and the Charging Party without further contested litigation through the instant Consent Decree. This resolution does not constitute an

---

[1] EEOC Charge No. 370-2005-00956

CONSENT DECREE Page 1

admission of liability on the part of Copart, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Copart in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Copart will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Copart will comply with all requirements of Title VII with respect to providing a work environment free from unlawful retaliation.

7. Copart agrees not to retaliate against Charging Party or any other employee or former employee, for having participated in any manner in the Commission's investigation and the proceedings in this case.

8. Copart and its current officers, agents, employees, and all persons in active concert or participation with them agree not to review I-9 Employment Eligibility Verification Forms or the documents in support thereof simply because Copart has received a charge of employment discrimination.

9. Copart agrees that once it has been presented with an alien registration card which reasonably appears to be genuine reflecting that an employee is a lawful permanent resident, it will not require reauthorization of that employee's authorization to work in the United States,

even if the date on said registration card expires, unless otherwise required by law.

**SPECIAL INJUNCTIVE RELIEF**

**Training**

10. Copart will carry out the following training, on the following timetable:

  a. No later than sixty (60) days from the entry of this Consent Decree, Copart will train its national Human Resources managers and staff regarding the U.S. Citizenship and Immigration Services standards and guidelines regarding verification and reverification of immigration status for purposes of employment;

  b. No later than sixty (60) days from the entry of this Consent Decree, Copart will provide training to all management and supervisory employees in California concerning the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 (Section 704, 42 U.S.C. §2000e-3). Each training session will be not less than thirty (30) minutes duration and will include the prohibitions on challenging an employee's immigration status as a means of retaliation. This training will be repeated on a yearly basis each year for the duration of this Consent Decree, for a total of three (3) trainings.

**Record Keeping and Reports**

11. Within thirty (30) days after completing the training described in paragraph 10 of this Decree, Copart will mail to counsel for the Commission a report containing the date(s) of training, lists of all attendees, and copies of all materials distributed at the training.

**MONETARY RELIEF**

12. Copart will pay the sum of $10,000 to Charging Party as damages and in complete satisfaction of the Commission's claims against Copart as set forth in its Complaint. This sum will be paid by check made out in the name of Charging Party, and will be sent to the Charging Party in care of the attorney for the Commission. Said check will be transmitted by Copart no later than seven (7) business days after the entry of this Consent Decree.

**EXPIRATION OF CONSENT DECREE**

13. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Copart in this action. This Consent Decree will expire at midnight three (3) years

1  after the date of its entry, provided that Copart has substantially complied with the terms of this
2  Consent Decree. Copart will be deemed to have complied substantially if the Court has not made
3  any findings or orders during the term of the Decree that Copart has failed to comply with any of
4  the terms of this Decree.

5  **E-filing concurrence:** I, Cindy O'Hara, attorney for Plaintiff Commission, attest
6  that I have obtained the concurrence of Brian T. McMillan, attorney for Defendant
7  Copart, Inc. for the lodging of this Consent Decree.

9  On Behalf of Plaintiff Commission:            On Behalf of Defendant Copart:

11  Dated: August 14, 2007                        Dated: August 24, 2007

12  EQUAL EMPLOYMENT OPPORTUNITY                  LITTLER MENDELSON
    COMMISSION

13  ___/S/_____                ___/S/_____
    WILLIAM R. TAMAYO                             BRIAN T. McMILLAN
14  Regional Attorney

15  ___/S/_____
    JONATHAN PECK
16  Supervisory Trial Attorney

17  ___/S/_____
    CINDY O'HARA
18  Senior Trial Attorney

19                                 **ORDER**

20        It is so ordered.

21
    Dated:_____       _____
22                                    United States District Court Judge

CONSENT DECREE                                                            Page 4